| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 13-08493 SJO (JEMx)  **DATE:** January 28, 2014

**TITLE:** Linda Kay Bryant v. JPMorgan Chase Bank, N.A., et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Cruz                                        Not Present
Courtroom Clerk                              Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** [Docket No. 19]

This matter is before the Court on Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and National Default Servicing Corp.'s ("NDSC") (collectively, "Defendants") Motion to Dismiss ("Motion") Plaintiff Linda Kay Bryant's ("Plaintiff") Complaint ("Complaint") for Failure to State a Claim, filed on December 10, 2013. On January 2, 2014, Plaintiff filed an untimely Opposition to the Motion. On January 7, 2014, JPMorgan filed a Reply in support of the Motion. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for January 13, 2014. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

I.    FACTUAL AND PROCEDURAL BACKGROUND

The Complaint alleges the following facts. On December 20, 2005, Plaintiff executed a promissory note ("Note") with Washington Mutual Bank, F.A. ("WaMu") for a loan of $440,000. (Compl. ¶¶ 21-22 & Ex. 4 ("Note"), ECF No. 1.) The Deed of Trust named California Reconveyance Co. as the trustee. (Compl. ¶ 24 & Ex. 5 ("Deed of Trust").) Plaintiff alleges that at some point the loan was securitized into the WaMu Mortgage Pass-Through Certificate Series 2006-ARI Trust ("Trust"). (Compl. ¶ 23.) Defendants dispute this allegation.[1] (Mot. 3.) On June 12, 2012, NDSC, having been substituted as trustee by JPMorgan, filed a Notice of Default against the property. (Compl. ¶ 24.) On or about September 20, 2013, NDSC recorded a Notice of Trustee's Sale. (Compl. ¶ 25.) The foreclosure sale was originally scheduled for November 18, 2013 (Compl. ¶ 25), and

---

[1] JPMorgan was the only Defendant to file the Motion. (*See generally* Mot.) One day after the Motion was filed, Defendant NDSC filed a Motion for Joinder joining JPMorgan's Motion. (Motion for Joinder, ECF No. 23.) To the extent NDSC seeks the Court's permission to join JPMorgan's Motion, this permission is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 13-08493 SJO (JEMx)      DATE: January 28, 2014

later rescheduled for December 18, 2013 (Appl. for Temp. Restraining Order and Order to Show Cause ("TRO Application") 2, ECF No. 14).

Plaintiff does not dispute that she is in default on the Deed of Trust, but contends that this foreclosure is unlawful and that Defendants have no right to any payment under the Note because the purported transfer to JPMorgan was invalid. (Compl. ¶¶ 28-29.) Plaintiff asserts four causes of action based on these facts: (1) wrongful foreclosure; (2) quasi-contract; (3) quiet title; and (4) declaratory and injunctive relief.

Plaintiff, proceeding *pro per*, filed a Complaint against Defendants on November 18, 2013, and simultaneously filed an *Ex Parte* Application to stop the trustee sale then scheduled for November 18, 2013. (ECF Nos. 2-3.) The foreclosure sale was rescheduled for December 18, 2013, so Plaintiff filed a second Application for a temporary restraining order on December 9, 2013, seeking to enjoin the sale. (*See generally* TRO Appl.) On December 10, 2013, JPMorgan filed the instant Motion. On December 11, 2013, Defendant NDSC joined the Motion. On December 18, 2013, the Court denied Plaintiff's TRO Application. (ECF No. 24.) On January 2, 2014, Plaintiff filed an untimely Opposition to the Motion. (ECF No. 32.) On January 7, 2014, JPMorgan filed a Reply in support of the Motion. (ECF No. 29.)

II.      DISCUSSION

Defendants move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that all of Plaintiff's causes of action fail to state a claim upon which relief can be granted. (Mot. 1.) In reviewing a motion to dismiss under Rule 12(b)(6), a court may only consider the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto*, 349 F.3d at 1200. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To plead sufficiently, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Furthermore, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) demands that "when averments of fraud are made, the circumstances constituting the alleged fraud [must] be specific enough to give

JS-6
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 13-08493 SJO (JEMx)</u>   DATE: <u>January 28, 2014</u>

defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotations omitted). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged, setting forth "what is false or misleading about a statement, and why it is false." *Id.* (citation omitted). A complaint that fails to meet these standards will be dismissed. *Id.* at 1107.

Plaintiff asserts four causes of action in her Complaint: (1) wrongful foreclosure; (2) quasi-contract; (3) quiet title; and (4) declaratory and injunctive relief. (Compl. ¶¶ 26-54.) The Court addresses each of Plaintiff's claims in turn.

    1.    <u>Wrongful Foreclosure</u>

Plaintiff argues that the foreclosure proceedings against her are invalid for a number of reasons, all ultimately hinging on whether JPMorgan has to the authority to foreclose in this case. (*See* Compl. ¶ 29.) However, California courts have concluded that California's non-judicial foreclosure scheme "does not provide for a preemptive suit challenging standing" to foreclose. *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011). Civil Code sections 2924 through 2924k, which set forth California's nonjudicial foreclosure scheme, do not authorize a "judicial action to determine whether the person initiating the foreclosure process is indeed authorized." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011) ("[W]e see no ground for implying such an action."). To do so would create judicial overview of the non-judicial foreclosure process. *See Gomes*, 192 Cal. App. 4th at 1155 (2011) (lamenting "lawsuits filed solely for the purpose of delaying valid foreclosures.") Because this is precisely what Plaintiff is trying to do in the instant action, the Court finds that Plaintiff has failed to state a claim for wrongful foreclosure based on this allegation.

Furthermore, even if Plaintiff could challenge JPMorgan's authority to proceed in the foreclosure, she has failed to allege facts supporting a plausible claim for relief. Under California law, a "trustee, mortgagee, or beneficiary or any of their authorized agents" may conduct the foreclosure process. Cal. Civ. Code § 2924(a)(1). JPMorgan has provided the Purchase and Assumption Agreement between it and the FDIC showing that JPMorgan acquired all of WaMu's assets, including the loan at issue here.[2] (*See* JPMorgan's Req. for Judicial Notice ("RJN") Ex. 4 ("PSA"), at § 3.1, ECF No. 20.) Plaintiff unsuccessfully attacks the validity of this transfer on a number of

---

[2] Plaintiff does not dispute that the Court may take judicial notice of the PSA (Opp'n 21); however, Plaintiff argues that there is no evidence that Plaintiff's Note was among the WaMu assets transferred to JPMorgan in the PSA (Opp'n 20). Despite not explicitly listing each and every transferred asset, the PSA states that "all of [WaMu's] assets (real, personal and mixed, wherever located and however acquired)" were transferred to JPMorgan. (PSA, at § 3.1.) It was not necessary for every asset to be individually listed in the PSA.

grounds: 1) because the Deed of Trust was securitized (Compl. ¶ 11); 2) because the transferred Deed of Trust was not properly recorded (Compl. ¶¶ 28-29; *see also* Opp'n 6-7); and 3) because JPMorgan cannot produce the original promissory note, which shows that it is not the valid holder of the loan (Compl. ¶ 30). All of these arguments fail.

Because Plaintiff was not a party to the PSA, she "lacks standing to challenge the process by which [her] mortgage was (or was not) securitized." *Junger v. Bank of Am., N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262, at *3 (C.D. Cal. Feb. 24, 2012); *see also Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-03968 JFW (JCx), 2011 WL 3157063, at *4 (C.D. Cal. July 22, 2011). Furthermore, any securitization that may have occurred does not invalidate the transfer of the Note, nor does it invalidate WaMu's or JPMorgan's interest in the Note. *See Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts.").

Whether WaMu's assignment of debt to JPMorgan is or is not recorded has no impact on the validity of the transfer under California law. Mortgage assignments are not required to be recorded; instead, "[a]ny assignment of a mortgage and any assignment of the beneficial interest under a deed of trust **may** be recorded." Cal. Civ. Code § 2934 (emphasis added). Indeed, "assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (holding that it is not enough to plead that an assignment of debt is unrecorded and therefore invalid). Thus, even taking Plaintiff's allegations as true, it does not plausibly follow that because the transfer of the Deed of Trust from WaMu to JPMorgan was not recorded, it was invalid.

Plaintiff also suggests that Defendants' inability to produce the original Note shows that any assignment of debt from WaMu to JPMorgan did not include the Deed of Trust at issue here. (Compl. ¶ 30.) However, that Defendants have not produced the original Deed of Trust is immaterial. California law "does not mandate physical possession of the underlying promissory note in order for this initiation of foreclosure to be valid." *Debrunner v. Deutsche Bank Nat. Trust Co.*, 204 Cal. App. 4th 433, 440 (2012). Thus, this factual allegation also does not support the conclusion that the transfer from WaMu to JPMorgan was invalid.

In addition to attacking the JPMorgan's authority to proceed in the foreclosure, Plaintiff also attacks JPMorgan's authority to substitute trustees in this case. Plaintiff argues that under the terms of the Deed of Trust, WaMu and not JPMorgan must approve any Substitution of Trustee. (Compl. ¶ 34.) This allegation also fails as a matter of law. Plaintiff alleges that the Substitution of Trustee is invalid because under the terms of the Deed of Trust, only the lender may execute a substitution of trustee, and here, JPMorgan, and not WaMu, executed the Substitution of Trustee. (Compl. ¶ 34.) Plaintiff reasons that because the Deed of Trust was not properly assigned to JPMorgan, the Substitution of Trustee must therefore be void. However, as discussed above, Plaintiff has not plausibly demonstrated that the assignment of the debt from WaMu to JPMorgan could be invalid. Furthermore, a party to a contract may assign the rights and benefits

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 13-08493 SJO (JEMx)          DATE:  January 28, 2014

under that contract to another party.  Thus, WaMu, as party to the Deed of Trust, could assign to JPMorgan the right to substitute in another party as trustee.

Finally, Plaintiff argues that because she filed for Chapter 7 Bankruptcy, the challenged debt is unsecured, and JPMorgan did not file a proof of claim in the bankruptcy, JPMorgan has waived any claims to the property.  (Compl. ¶ 4; Opp'n 6.)  However, despite Plaintiff's claims, this debt is secured.  (*See generally* Deed of Trust.)  A secured loan cannot be stripped or changed into an unsecured claim in a chapter 7 bankruptcy case.  *See, e.g.*, *In re Enewally*, 368 F.3d 1165, 1169 (9th Cir. 2004) ("Thus, after *Dewsnup*, courts have refused to allow lien stripping in Chapter 7 cases.").  "[A] creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (citing 11 U.S.C. § 522(c)(2)).

In sum, Plaintiff has failed to make out any legally cognizable claims for improper foreclosure. Thus, the Court **DISMISSES** Plaintiff's claim for improper foreclosure **without leave to amend**.

    2.    Quasi-Contract

Plaintiff's second cause of action is for quasi-contract.  Plaintiff alleges that JPMorgan accepted payments from Plaintiff on the Deed of Trust even though the transfer of the Deed of Trust from WaMu to JPMorgan was invalid.  (Compl. ¶¶ 39-40.)  The Deed of Trust requires the Trustee to reconvey the property to the person legally entitled to it after "payment of all sums secured" to the lender by the Deed of Trust.  (Compl. ¶ 41; Deed of Trust 15.)  Plaintiff alleges that after the Deed of Trust was securitized, the "obligations to WaMu under the [Deed of Trust] were fulfilled when WaMu received the balance on the Note as proceeds of sale through securitization to private investors." (Compl. ¶ 41.)  Thus, because the Deed of Trust does not require that Plaintiff be the one to pay off the Note, Plaintiff alleges WaMu no longer had any interest in the Deed of Trust after the securitization.  (Compl. ¶ 40.)  With WaMu having no interest in the Deed of Trust on the date of transfer, Plaintiff claims that JPMorgan similarly has no interest and therefore has been unjustly enriched by the payments Plaintiff has made towards the loan.  (Compl. ¶¶ 40-41.)

Unjust enrichment occurs when there is "receipt of a benefit and unjust retention of the benefit at the expense of another." *Elder v. Pac. Bell Tel. Co.*, 205 Cal. App. 4th 841, 857 (2012).  Here, Plaintiff's cause of action for unjust enrichment rests on her allegation that the securitization of the Note acted to pay the loan off in full and extinguished Plaintiff's obligations on her loan.  (Compl. ¶¶ 40-41.)  As discussed above, this argument fails as a matter of law.  Securitization does not invalidate a party's interest in a Note.  *See Lane*, 713 F. Supp. 2d at 1099 ("The argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts.").  WaMu successfully transferred its interest in the Deed of Trust to JPMorgan, so it was not unjust for JPMorgan to receive and retain Plaintiff's payments on the Note.  Thus, the Court **DISMISSES** Plaintiff's claim for quasi-contract **without leave to amend**.

    3.    Quiet Title

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 13-08493 SJO (JEMx)</u>     DATE: <u>January 28, 2014</u>

Plaintiff's third cause of action seeks to quiet title to the disputed property. As in Plaintiff's second cause of action for unjust enrichment, Plaintiff's allegations depend on her claim that the payment WaMu received for its interest in the Note triggered the reconveyance clause and extinguished Plaintiff's obligations on the loan. (Compl. ¶¶ 45-46.) Plaintiff argues that her claims to the property take precedence over Defendants' claims, and urges the Court to grant her title to the estate. (Compl. ¶¶ 47-48.)

Defendant moves the Court to dismiss Plaintiff's quiet title claim because Plaintiff has not complied with California's "tender rule." (Mot. 4.) Under California law, the "tender rule" requires the borrower to tender payment of the secured debt before bringing a cause of action seeking to set aside a foreclosure sale. *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1269 (C.D. Cal. 2010). Here, although Plaintiff has not tendered payment, it would be inequitable to apply the tender rule because the foreclosure sale may not yet have occurred and this suit causes only a short delay in the foreclosure process. *See Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 968-71 (N.D. Cal. 2012) (explaining that the tender rule should not be applied to cases seeking to prevent a pending foreclosure sale); *Tang v. Bank of Am., N.A.*, No. SACV 11-2048, 2012 WL 960373, at *5 (C.D. Cal. Mar. 19, 2012) (same). Accordingly, the Court declines to apply the tender rule to this action.

However, the quiet title claim must be dismissed for reasons already discussed above. Plaintiff's adverse claim to quiet title of the property is based on an allegation that is not legally cognizable—that the alleged securitization of the Note extinguished Plaintiff's obligations on her loan. Securitization does not invalidate a party's interest in a Note. *See Lane*, 713 F. Supp. 2d at 1099 ("The argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."). The Court therefore **DISMISSES** this claim **without leave to amend**.

        4.      <u>Declaratory and Injunctive Relief</u>

Plaintiff seeks declaratory relief as to the "her rights and duties as to the validity of the Note and [Deed of Trust], and Defendants' rights to proceed with nonjudicial foreclosure on the Oxford Property." (Compl. ¶ 51.) "Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (quoting *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984) (internal quotation marks omitted)). Consequently, a court may dismiss a claim for declaratory relief where the "substantive claims would resolve issues raised by the declaratory action." *Vang Chanthavong v. Aurora Loan Servs., Inc.*, 448 B.R. 789, 803 (E.D. Cal. 2011). Plaintiff's arguments in support of her claim for declaratory relief mirror her arguments in support of her substantive claims. Thus, the Court's resolution of Plaintiff's substantive claims will resolve any existing controversy raised by the declaratory action.

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 13-08493 SJO (JEMx)</u>  **DATE:** <u>January 28, 2014</u>

Plaintiff's cause of action for injunctive relief fails for a similar reason. Standing alone, injunctive relief is not a cause of action. *Marzan v. Bank of America*, 779 F. Supp. 2d 1140, 1146 (D. Haw. 2011.) For this reason the Court **DISMISSES** Plaintiff's claim for declaratory and injunctive relief **without leave to amend**.

III. <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Defendants' Motion. The Court **dismisses without leave to amend** Plaintiff's Complaint. This action shall close.

IT IS SO ORDERED.